A. B. BOWMAN & D. J. KITZMILLER, Ex'rs of John H. Bowman, dec'd, *v.* J. A. FAW *et al.*

LIEN. *Vendor. Levy of execution.* A judgment creditor who has his execution levied on land subject to a vendor's lien, has by virtue of such levy obtained no lien or claim which he can assert as against the purchaser at the vendor's sale subsequently made in chancery, nor against any creditor who has redeemed said land from said purchaser.

FROM WASHINGTON.

Appeal in error from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

S. J. KIRKPATRICK for complainants.

I. E. REAVES for defendants.

DEADERICK, C. J., delivered the opinion of the court.

On the 4th day of June, 1880, complainants filed their bill in the chancery court at Jonesboro against defendant Faw, John White, E. C. Reeves, S. H. Miller and A. F. Gregory. The bill alleges that on the 13th of December, 1876, complainants recovered, in the circuit court of Washington county, a judgment against defendant Gregory and one H. H. Crouch, they being partners, trading under the firm name and style of Gregory & Crouch, for $1,833.38, upon which judgment and execution was issued on the 4th of January, 1877, and was returned April 6th, 1877, levied on certain personal and real property of defendants Gregory & Crouch, and also levied upon one tract of land of 118 acres, as the property of said A. F. Gregory, which last named levy was made subject to a lien in favor of the vendor for unpaid purchase money.

All the property, except the tract of 118 acres of land, was sold and proceeds paid upon the judgment, leaving about $1,000 still due thereon. The sale of the Gregory tract of 118 acres was enjoined by him upon grounds not disclosed in the bill, in May, 1877. In November, 1877, Gregory's injunction bill was dismissed, and he appealed to this court. On the 28th of May, 1880, said Gregory "executed an order dismissing his said appeal and filed the same with the clerk of the supreme court at Knoxville."

The bill further alleges, that on the 25th of May, 1875, C. F. Yeager and others, vendors of the 118 acres to Gregory, filed their bill against the said Greg-

ory in the chancery court at Jonesboro, to enforce their lien for the unpaid balance of the purchase money, and obtained a decree at November term, 1877, against Gregory for $1,336.90, and an order to sell the land for its payment. The land was sold in January, 1878, for cash, and defendant Faw became the purchaser at the price of $1,477, which he paid, and which sum exceeded the debt and costs by $54.60, and this excess was repaid him on Gregory's order. Faw advanced his bid $523.80, to cover a debt secured upon the land, by trust deed, executed after complainants had obtained their judgment against Gregory. The sale at the advanced bid was confirmed at May term, 1878, and the title to the land vested in Faw, and a writ of possession was awarded him. The deed of trust was executed to secure Faw's debt, by Gregory, on the 18th of December, 1876, acknowledged on the 20th, and registered the 2d of January, 1877.

It is further alleged that on the 29th of February, 1876, complainants obtained a judgment, before a justice of the peace, against Gregory, individually, for $572.72. An execution was issued and levied on some personal property of Gregory, when he filed his bill enjoining the collection thereof, and defendants Reese and Miller became his sureties on the injunction bond. That to indemnify his said sureties Gregory, on the 28th of December, 1876, made a deed of trust on said 118 acres of land, which was acknowledged by him on the same day and registered the 19th of January, 1877. The injunction was dissolved and bill dismissed

and decree rendered against said sureties for $512.72, which said° E. C. Reeves and S. H. Miller paid on the same day and took a judgment over against Gregory, their principal, and on the 28th of April, 1880, they paid said Faw the amount of his advanced bid, $2,-271.20, and put their judgment of $512.72 upon said land, and transferred and conveyed their rights therein to defendant, John White, for the sum of $2,785.30, who now holds the title.

Complainants further allege that their judgment is older than the deed of trust to Faw, or judgment or trust deed of Reeves and Miller, and that they have a lien on the partnership and individual property of said partners, and the prior right to redeem said land by paying Faw the amount of his first bid, or satis-fying Yeager's claim; that the legal title of said land was in Gregory when his levy was made, subject only to the prior lien of Yeager for purchase money. They allege that they did, on the 3d of June, 1880, tender to said Faw in lawful money, $1,485.50, and continue their tender in court, he having refused to receive it, and they also offered him, to save litigation, the additional amount of his debt sunk upon the land, with all interest and costs and charges, which he re-fused. They charge the foregoing acts were fraudu-lent devices to prevent him from redeeming the land.

Upon the foregoing facts complainants pray that they be declared entitled to redeem said land by paying Faw the amount of his bid, with costs, etc., and the amount of his advanced bid and interests and costs, if they should be held bound to do so, offering to

credit said Gregory and Gregory & Crouch the full amount of their judgments, a balance of $170 or $200 remaining unsatisfied of the justice's judgment which Reeves and Miller were not held liable for. And they pray that defendants be restrained, by injunction, from obtaining a writ of possession.

To this bill defendants demur—because the bill shows that Faw had transferred his interest in the land before the offer to redeem from him; that the tender should have been made to Faw's assignees or to party holding the land at the time of the offer, etc.: the offer was insufficient in amount to redeem said land, etc., etc. The chancellor overruled the demurrer, and defendants have appealed.

Without setting out in detail the various causes of demurrer, the substance of some of them above given sufficiently raises the question as to complainants' right to redeem of Faw the land in controversy—ignoring the subsequent transfer by him to Miller and Reeves.

The complainants' judgment in the circuit court was obtained several days prior to the execution of the deed of trust to secure Faw's note. But the bill fully admits the right of Yeager to subject the land to the payment of the purchase money still due. And he had filed a bill for this purpose long before complainants obtained their judgment, and the return upon the execution showed that the levy was made subject to Yeager's prior right. What was the extent of this right, and what effect had it upon any right in complainants by virtue of their levy? They might have sold the legal title vested in Gregory by his deed,

but the purchaser would have taken the title in subordination to the right of the vendor to sell all the vendee's interest therein for the satisfaction of the purchase money.    And a sale at the instance of the vendor would divest all the vendee's claim and interest, except the right to redeem, if that was not by decree sold also.

In this case the land was sold, both the legal and equitable interest, under Yeager's bill, the owner having nothing left in him upon which the levy of an execution could attach.    The execution had been levied in subordination to this right in Yeager to dispose of that upon which the execution had been levied, and when it was sold upon the bill of Yeager, complainant's execution no longer constituted any lien upon it, but the purchaser took the land, discharged from any lien created by the levy or judgment, and subject only to the right of the debtor or his creditors to repurchase or redeem.    Complainants then stood as any other judgment creditor.    He alleges that the sureties in the injunction bond were worthless, and yet he permits them to stand, when he might have had better security or a dissolution of the injunction.

The claims of defendants are not impeached in the bill.    On the contrary, although younger judgments than his, they are obviously meritorious claims, and by the successive redemptions of Faw and Reeves and Miller, they acquired valid titles, which could not be disturbed except by redemption by the debtor or his creditors.

We are of opinion, therefore, that the chancellor's

decree, overruling the demurrer, was erroneous, as the bill does not make out a case entitling complainants to the relief prayed for.

The decree will be reversed, the demurrer will be sustained and the bill dismissed with costs.